SOLOMON STEINFIELDT, and another,

*vs.*

THOMAS JODRIE, and CHARLES P. BARTLETT, Trustee.

Oxford. Opinion March 25, 1896.

*Trustee Process. Disclosure. R. S., c. 86, §§ 30, 79.*

A trustee will be discharged when he asserts positively and directly that there was nothing due from him to the principal defendant at the time of the service of the trustee writ upon him, although some of his answers are indefinite as to the amounts of his payments to the principal defendant, and also as to the time when a final settlement was had between them, but he asserts posi-

tively that such a settlement was had before the service of the trustee writ upon him, and that a balance was then found to be due from the principal defendant to him, and there is no evidence that contradicts him. In this case the plaintiff called the principal defendant as a witness; but he failed to obtain any contradictory evidence from him. He corroborated the statement of the alleged trustee that a settlement was had between them, and that a balance was found to be due from him to the trustee, and that this settlement was before the service of the trustee writ. *Held;* that upon the evidence there is no ground on which the trustee can rightfully be charged.

ON EXCEPTIONS BY TRUSTEE.

This was an action of assumpsit brought upon an account annexed for the sum of one hundred and two dollars and fifty cents, for merchandise sold to the employees of the defendant who were at work in the woods, cutting birch belonging to the trustee, Charles P. Bartlett, which was being cut under a contract between the defendant and the trustee. For the goods sold, an order was given to the plaintiffs in writing, by the principal defendant upon the trustee, but was never accepted. The case shows that a former disclosure was made by the trustee and that additional allegations were filed, upon which a further examination was had of both the trustee and defendant. The matter was submitted to the presiding justice, who heard the testimony, and upon the whole evidence, charged the trustee with three hundred dollars less his costs. To this finding by the court, the trustee excepted and presented the case to the law court for further consideration.

*J. P. and J. C. Swasey,* for plaintiffs.

There is no equitable ground upon which the trustee can claim relief, for he had the benefit of the plaintiffs' goods. The merchandise for which this suit is brought was sold to the men who were cutting the birch owned by the trustee. It was his custom, as it was for his interest, to pay the men who were at work under this contract, to prevent the attachment of individual claims, or liens for personal labor upon this timber. He had, from his testimony, evidently divided the money, between the choppers in the woods and the defendant.

The defendant testifies that the price of the goods furnished the men by the plaintiff was deducted from their pay, which if true, went to the direct benefit of the trustee in discharging or cancel-

ling so much indebtedness, which might be otherwise secured by a lien upon his lumber. Counsel cited: *Toothaker* v. *Allen*, 41 Maine, 324; *Sebor* v. *Armstrong*, 4 Mass. 206; *Scott* v. *Ray*, 18 Pick. 361; *Barker* v. *Osborne*, 71 Maine, 69.

*R. A. Frye*, for trustee.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WALTON, J.   The trustee is this case asserts positively and directly that there was nothing due from him to the principal defendant at the time of the service of the trustee writ upon him.   Some of his answers are indefinite as to the amounts of his payments to the principal defendant.   Also as to the time when a final settlement was had between them.   But he asserts positively that such a settlement was had before the service of the trustee writ upon him, and that a balance was then found to be due from the principal defendant to him of ninety-eight dollars, or thereabouts.   And there is no evidence that contradicts him.

The plaintiff called the principal defendant as a witness; but he failed to obtain any contradictory evidence from him.   He corroborates the statement of the alleged trustee that a settlement was had between them, and that a balance was found to be due from him to the trustee, and that this settlement was before the service of the trustee writ.

Upon the evidence before us, we fail to discover any ground on which the trustee can rightfully be charged.   We think the entry must be, exceptions sustained, trustee discharged with costs.   *Hamilton* v. *Cole*, 86 Maine, 137; R. S., c. 86, § § 30, and 79.

*Exceptions sustained.*